Alan B. Fenstermacher (State Bar No. 278171)
afenstermacher@rutan.com
Jayson A. Parsons (State Bar No. 330458)
jparsons@rutan.com
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, CA 92612
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Defendant
CITY OF POWAY

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

REZA RAY JALISI,

Plaintiff,

vs.

CITY OF POWAY and DOE SOCIAL MEDIA MANAGER,

Defendants.

Case No. 26CV5920 RBM DDL

**DEFENDANT CITY OF POWAY'S LIMITED OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**

[Filed Concurrently with Declaration of Rene Carmichael ISO Limited Opposition]

Judge: Hon. Ruth Bermudez Montenegro

Hearing: To be set by the Court

The City of Poway submits this brief, limited opposition ("Opposition") to Plaintiff Reza Ray Jaili's ("Plaintiff") *ex parte* application for a temporary restraining order and order to show cause ("Application") because the Application (1) largely ignores the facts as relayed to Plaintiff's counsel during a meet and confer conversation, instead engaging in extensive irrelevant argument and factual speculation (*see,* Declaration of Rene Carmichael ["Carmichael Decl."]) and (2) mistakes the City's general non-opposition to the thrust of the Application as complete non-opposition to the precise order sought by Plaintiff, which this Oppositon clarifies.

First, the City does not oppose an order, as set forth in Section 1(c) of Plaintiff's proposed order, prohibiting "hiding, deleting, or otherwise suppressing Plaintiff's comments on the City Page on the basis of their viewpoint or of Plaintiff's viewpoint as a critic of the City" because, as was relayed to Plaintiff's counsel, ***this has never occurred, nor would it ever occur in the future***. Carmichael Decl., ¶¶ 5-8. Thus, no order is necessary, but the City does not oppose it, as such an order would have no impact on the City, and it would not change the *status quo*. As also explained to Plaintiff's counsel, Plaintiff's comments in question were automatically hidden by Meta's Moderation Assist program, without notification to the City, because that program (incorrectly) identified Plaintiff as a non-human bot. Carmichael Decl., ¶ 10. This determination was apparently made because Plaintiff's Facebook account (1) does not have a profile picture, (2) has no posts on his own Facebook account timeline, and (3) has one Facebook "friend." *Id.,* Ex. A. The City has never hidden comments on its Facebook page based on their content, specifically including hiding negative or critical comments. Carmichael Decl., ¶ 7. An examination of the City's Facebook page would demonstrate critical comments remain publicly available. *Id.*

Second, the City does not oppose manually "unhiding" Plaintiff's prior Facebook posts as, again, they were automatically hidden and the City was not aware of this until the filing of this lawsuit. *See,* Proposed Order, Section 1(a); Carmichael

Decl., ¶¶ 5-10, 12. Had Plaintiff simply reached out to the City prior to filing a lawsuit, this issue could have been resolved. *Id.* at ¶ 13.

The City would have been willing to agree to the above terms by joint motion, and seemingly would have saved a considerable amount of time and effort drafting an Application with extensive argument that is largely moot.

However, as also was relayed to Plaintiff's counsel, the City opposes an order to "remove any restriction that causes Plaintiff's comments on the City Page to be hidden from the public" because at this time – and the City has only had one day to investigate this mater – the City has not discovered a method by which the Moderation Assist program can be turned off only for one commenter. Carmichael Decl., ¶ 11, Ex. B. The City is willing to continue to meet and confer on this issue to find a resolution, but it does oppose Section 1(b) of Plaintiff's proposed order as premature, potentially putting the City in a situation where it either violates a court order or permits a flood of "spam" posts from bots to overwhelm its public Facebook page. *Id.,* ¶¶ 8-10. The City is also willing to commit, during normal business hours, to manually unhide any Meta-hidden appropriate post that the City discovers, or that Plaintiff notifies the City of. Another, easier solution would be for Plaintiff to simply add a profile picture, at which point the Moderation Assist program would no longer automatically hide his posts.

In sum, the City respectfully requests that the Court refrain from granting Section 1(b) of the Proposed Order, but otherwise does not oppose the Application, even if it views a joint stipulation or motion as more practical solution here, and remains willing to work with the Plaintiff. This case appears to be based entirely upon a misunderstanding that the City was never given the opportunity to explain or rectify before Plaintiff rushed into court.

/ / /

/ / /

/ / /

Dated: October 20, 2026

RUTAN & TUCKER, LLP
ALAN B. FENSTERMACHER
JAYSON A. PARSONS

By: ______________________
Alan B. Fenstermacher
Attorneys for Defendant
CITY OF POWAY